IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

DOC NO
REC'D/FILED

2014 JAN 13 PM 2: 54

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY RIGSBY

             Plaintiff,

v.

AMERICAN FAMILY MUTUAL
INSURANCE COMPANY,

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

CHRIS MISCIK,

BRUCE BERNDT,

BERNDT, CPA.

MICHAEL RILEY,

AXLEY BRNELSON, LLP,

KRISTINE BURCK,

MARILYN WETLEY,

LEVINE WETLEY,

UNITY HEALTH PLANS
INSURANCE CORPORATION,
              Defendants',

January 13, 2014

Case No.:

14 C 023

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## COMPLAINT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### PARTIES

1.  Plaintiff Rodney Rigsby (herein as "Rigsby") is an adult resident of the State of

Wisconsin, with an address of 4230 East Towne Blvd., #183, Madison, WI 53704.  Rigsby is

self-employed and a co-owner/member with Chris Miscik in Binary Deity, LLC (now Mizzik

Entertainment, LLC).  Rigsby was a witness to the auto accident involving Chris Miscik and the

author of the work-product for Mr. Miscik's personal injury auto accident in a large civil suit in

1

Wisconsin State case no. 12-cv-260.

2. Defendant Chris Miscik (herein as "Miscik") is employed as a graphic artist and is located at 1740 Commercial Avenue, Madison, WI  53703.   Mr. Miscik also is a co-owner with Mr. Rigsby in Binary Deity, LLC/Mizzik Entertainment, LLC).  Mr. Miscik was a victim in an auto accident dated May 11, 2011 and in a large civil suit in Wisconsin State Dane County Case No. 12-cv-260.

3.  Defendant Bruce Berndt is employed as the owner of Berndt, CPS located at 2809 Fish Hatchery Road, Ste. 101, Madison, WI  53713.  Mr. Berndt is the accountant for Binary Deity, LLC/Mizzik Entertainment.

4.  Defendant Berndt, CPA is the CPA firm owned by Bruce Berndt, CPA located at 2809 Fish Hatchery Road, Ste. 101, Madison, WI  53713 who did the taxes for Binary Deity, LLC/Mizzik Entertainment for 2012.

5.  Defendant J. Michael Riley is employed as an attorney at Axley Brynelson, LLP located at 2 E. Mifflin Street, Suite 200, Madison, WI  53703.  Mr. Riley was Chris Miscik's attorney for his personal injury auto accident in the large civil suit in Wisconsin State Dane County Case No. 12-cv-260.

6. Defendant Axley Brynelson, LLP is a law firm located at 2 E. Mifflin Street, Suite 200, Madison, WI  53703.  Axley Brynelson, LLP is the law firm representing Mr. Miscik in his personal injury auto accident in the large civil suit in Wisconsin State Dane County case no. 12-cv-260.

7.  Defendant Kristine Burck is an attorney employed by American Family Mutual Insurance Company located at 6000 American Parkway, Madison, WI 53783.  Ms. Burck represented Marilyn and Levine Wetley who were Defendants' in  Miscik's large civil suit in

Wisconsin State Dane County case no. 12-cv-260 because American Family insures them.

8. Defendant American Family Mutual Insurance Company (herein "American Family") is an insurance corporation incorporated under the laws of the State of Wisconsin. Its principal place of business is at 6000 American Parkway, Madison, WI 53783. It is established that American Family issued Marilyn and Levine Wetley an auto insurance policy and a home owner's policy. American Family represented the Wetley's in the large civil suit in the state of Wisconsin in Dane County case no. 12-cv-260.

9. Defendant Marilyn Wetley is an adult resident of the State of Wisconsin, with an address of 218 S. Jefferson Street, New Lisbon, WI 53950. Marilyn Wetley was a Defendant in state of Wisconsin in Dane County case no. 12-cv-260.

10. Defendant Levine Wetley is an adult resident of the State of Wisconsin, with an address of 218 S. Jefferson Street, New Lisbon, WI 53950. Levine Wetley was the Defendant in state of Wisconsin in Dane County case no. 12-cv-260.

11. Defendant Progressive Casualty Insurance Company (herein as Progressive) is an insurance corporation incorporated under the laws of the State of Ohio. Its principal place of business is at PO Box 89490, Cleveland, Ohio 44101-6490, c/o CT Corporation located at 8040 Excelsior Drive, Suite 200, Madison, WI 53717. Progressive issued Miscik an auto insurance policy and was an involuntary Plaintiff in Mr. Miscik's case no. 12-cv-260.

12. Defendant Unity Health Plans Insurance Corporation (herein as "Unity") is an insurance corporation incorporated under the laws of the State of Wisconsin. Its principal place of business is at 840 Carolina Street, Sauk City, Wisconsin 53583. Unity issued Mr. Miscik a health insurance policy and was an involuntary Plaintiff in Mr. Miscik's case no. 12-cv-260.

3

## JURISDICTION

13.  This court has subject matter jurisdiction for this case pursuant to 28 U.S.C. 1332
The Plaintiff and Defendants are citizens of different states are diverse parties and the amount in
controversy exceeds $75,000.

14.  Venue is proper in the Western District of Wisconsin pursuant to 28 U.S.C.
1391(a)(2) in that a substantial part of the relevant events occurred in this district.

15.  This court has proper jurisdiction to hear a copyright claim as it is a federal question.

## CAUSE OF ACTION

16.  Miscik was permanently damaged with a traumatic brain injury in an auto accident
on May 31, 2011 in Madison, Wisconsin when he was hit by Levine and Marilyn Wetley.

17.  At all times hereto Progressive issued Miscik an auto policy no. 10828134-8 for the
year 2011. A copy of the Progressive coverage summary page and deductable reimbursement
letter is attached hereto as Exhibit M.  Under the terms of this contract Progressive had a duty to
defend Miscik.  Progressive's claim no. for its insured Chris Miscik for his case no. 12-cv-260
case was #115423700.  Progressive and American Family were in arbitration for almost a year
before Attorney Riley was hired.  Miscik was told by Progressive he would not get his
deductable back and that they wouldn't defend him.  Early in litigation from May 31, 2011 until
mid May 2012 when Riley was hired American Family and Progressive knew Miscik was right
about the accident being the Wetley's fault and knew of Miscik's brain injury.

18.  When Progressive refused to defend Miscik, Miscik asked Rigsby to help him with
his claim in exchange for 50% of all settlement monies.  A copy of their written agreement is
attached hereto as Exhibit F.  In case Miscik was not of sound body and mind Rigsby did the
work for Miscik for his case to ensure that Miscik, Rigsby personally and their business (and

4

Rigsby as a shareholder) were protected. When Miscik hired Attorney Riley and Axley Brynelson, LLP Rigsby was confident as they were a reputable firm that they would take care of Miscik's needs, protect him and stand up for his rights. Rigsby also believed American Family would do their job, was a reputable company and would do the right thing. Instead Progressive, American Family, Attorney Riley and Axley Brynelson abused the system, Miscik and the Wetley's for their own benefit. Rigsby was a witness to Misick's May 31, 2011 auto accident, was a friend and shareholder in a company they both owned together (Binary Deity, LLC (now Mizzik Entertainment, LLC). A copy of the Wisconsin DFI report is attached hereto as Exhibit I. Per Wisconsin law there are two contracts in an insured's policy, one to defend and one to indemnify. J. Michael Riley had a duty to stay Miscik's attorney after he amended the complaint throughout the remaining litigation. Mike Riley changing to "mediator" left Miscik unprotected with fewer rights and never got another attorney from Axley Brynelson, LLP to help Miscik.

19. Miscik was pro se and using Rigsby's work-product filed a large civil claims suit on the State of Wisconsin in Dane County on January 19, 2012 case no. 12-cv-260. Rigsby's work-product for Miscik's personal injury case before filing preparation in case law research, writing the complaint and summons, making sure Miscik was taken to the emergency room, treated by a chiropractor and received an MRI and a pain management doctor for his injuries. For discovery Rigsby hired a private investigator, obtained all police and related agency reports, had photos taken at the accident, obtained the Wetley's phone records, American Family insurance policies and Progressive's insurance letters. Rigsby also paid for half the filing fee, process service and private investigator costs. After the complaint was filed Rigsby's work-product included authoring interrogatories and deposition questions for the Wetley's depositions held in March 2012 and the offer of settlement for Miscik that was filed on May 8, 2012. A copy of the offer of

5

settlement is attached hereto as Exhibit A as well as the email to Miscik.  A copy of the copyright application for Rigsby's work-product is attached hereto as Exhibit C (Rigsby Work-Product12cv260.  The settlement monies Miscik received were to be split three ways.  Rigsby personally paid for all costs, so did Miscik and their business Binary Deity, LLC/Mizzik entertainment.  Rigsby is looking for remedies "personally" as he paid for a third of all legal costs for 12-cv-260, remedies for his work-product that was infringed on, stolen/converted and used by all parties as their own and remedies as a shareholder since their business paid for the other third of legal costs such as depositions and insurance premiums.

20.  At all times hereto American Family issued Marilyn and Levine Wetley an auto policy for the year 2011 with $300,000 liability and a homeowner's umbrella policy for $1,000,000.  American Family's claim no. for their insured for the Miscik personal injury case was # 00-471-492635-71.

21.  Attorney Kristine Burck with American Family advised Miscik while he was still pro se that if he wanted to amend his complaint to add his traumatic brain injury and the Wetley's business (Engineered Fiberglass Comp, Inc.) he would have to hire a lawyer.  Miscik replied to Attorney Burck's advice in an email on May 9, 2012.  A copy of this email is attached hereto as Exhibit B.  This was a conflict of interest for Attorney Burck to its insured (the Wetley's) to give Miscik advice and was in bad faith and a breach of her fiduciary duty and American Family's duty to their insured Marilyn and Levine Wetley.  It was their job to properly investigate this case and protect their insured and themselves from anyone or any business that could come after them.  Kristine Burck malpracticed because she did not protect the Wetley's properly of investigate the case to insure their own work-product.  Ms. Burck and American Family malpracticed and acted in bad faith to rip off their own insured (the Wetleys) for their own

6

financial gain leaving the Wetley's unprotected and wide open for new litigation from other

parties with standing against the Wetleys and their business. Between American Family,

Michael Riley and Progressive they all worked in concert to take advantage of Miscik and the

Wetleys to access the Wetley's umbrella policy to pay for their fees. All parties including Bruce

Berndt and Berndt, CPA took advantage of Miscik and his brain injury. How do they know he

was in his right mind signing off on his stipulation and dismissal?

22. Attorney J. Michael Riley from Axley Brynelson, LLP was hired on May 18, 2012

for Miscik's personal injury case. Miscik and Rigsby agreed to add their business Binary Deity,

LLC/Mizzik Entertainment, LLC to the complaint and the Levine Wetley's business as he was

on work time during the May 31, 2011 auto accident with Miscik from the phone records Rigsby

obtained. Rigsby reminded Miscik of the things to bring and for his next day meeting with

Attorney Riley on May 16, 2012. A copy of the May 15, 2012 email is attached hereto as

Exhibit E. Attorney Riley was aware of the potential conflict of interest with Rigsby but did

nothing about it as his law firm was already in litigation with him as Lori Lubinsky and Timothy

Barber on federal copyright infringement case no. 11-cv-429-slc. Rigsby believes since Riley

knew about this conflict of interest he told Miscik, Rigsby and his business could not be added to

Miscik's case no. 12-cv-260.

23. Rigsby has standing personally as he paid for all legal costs and as a shareholder in

Binary Deity, LLC/Mizzik Entertainment, LLC who paid the other third of the legal costs and for

all depositions and insurance premiums. Their business, hence Rigsby as a shareholder suffered

damages as well as Rigsby personally from Miscik's permanent injuries as Miscik is the graphic

artist talent for their business of creating intellectual properties. Personally and as a member of

the business Rigsby lost numerous permanent investment and licensing opportunities and income

7

loss from Miscik's permanent injuries and not receiving it's percentage of settlement monies when they were disbursed to all parties. All parties had access to Rigsby's work-product and used it to strategize and negotiate settlement monies before Rigsby did. All parties committed fraud as they are claiming the only monies Miscik received in a twenty seven month litigation was for $5,000 which he only received $1264.82. In a letter from Mr. Riley he stated that his litigation efforts were mostly a favor to Miscik. A copy of settlement monies given by American Family and Attorney Riley and Axley Brynelson to Miscik with riley's letter is attached hereto as Exhibit J.

24. Attorney Riley did not add Binary Deity, LLC/Mizzik Entertainment, LLC or the Wetley's business (Engineered Fiberglass Comp, Inc.) to the complaint. Miscik signed a contingency agreement with Attorney Riley as his attorney for case no. 12-cv-260. A copy of this agreement is attached hereto as Exhibit D.

25. Attorney Riley changed in the course of case no. 12-cv-260 to the "mediator" without Miscik's knowledge when he should have represented Miscik throughout this litigation. Miscik lost rights when Attorney Riley became the mediator. Both stipulation and dismissals on April 4, 2013 and November 4, 2013 have Attorney Burck's state bar number under Attorney riley's signature so these documents are fraudulent. A copy of the stipulations are attached hereto as Exhibit G and H.

26. Per an email Attorney Kristine Burck sent Rigsby in December 2013 she refuses to resolve issues with Rigsby. A copy of this email is attached hereto as Exhibit K.

27. Attorney Kristine Burck with American Family had full access to Rigsby's work product and knowledge of Rigsby, Binary Deity, LLC/Mizzik Entertainment and Miscik's permanent damage from his traumatic brain injury months before Attorney Riley was hired.

28. Progressive refused to defend Miscik so tendered Miscik's $300,000 from his own policy on the April 4, 2013 stipulation and dismissal. Miscik was now done with litigation as were the Wetley's were also dismissed on this date. American Family paid Miscik the Wetley's $300,000 from their auto insurance policy and reimbursed Progressive their $300,000 so all parties could access the Wetley's $1,000,000 umbrella policy which would pay for their attorney fees. All parties have been in bad faith, committed fraud and breached their fiduciary duties. Attorney Kristine Burck, American Family and Attorney Riley enlisted all remaining parties (Progressive and Unity) to all work in concert to scam the Wetley's and Miscik for their own financial benefit. This scam could only be accomplished if Attorney Riley became the "mediator". In an American Family case in the Wisconsin state Appellate court (2011AP557) it was decided by the courts that a reasonable policyholder would not pay additional premiums for an endorsement in order to get nothing additional and that the reducing clause affects only the dollar amount of coverage and not its scope. Nothing in the "no broader than" language alerts a reasonable policyholder to the difference between the two coverage limitations. The Wetley's did not get the benefit nor did Miscik from their umbrella policy monies because all remaining Defendants' captioned in this case received it instead via paying their attorney and mediator fees with the Wetley's umbrella policies instead.

29. Rigsby had made efforts to communicate with all parties while case no. 12-cv-260 was still open to see what the status was, if there was going to be any more amendments which would include his business with Miscik and the Wetley's business and to see if Rigsby needed to intervene on his own behalf as a shareholder. All parties purposely kept Rigsby out of the loop so he would not catch on to their scamming Miscik and the Wetleys. After the first stipulation and dismissal on April 4, 2013 until the second stipulation and dismissal November 4,

9

2013 all parties were working on the splitting up the Wetley's $1,100,000 umbrella policy monies for their attorney and mediator fees which is fraud.   In a current American Family federal case (13-cv-720) they are suing one of its employees for theft so Rigsby knows conversion is not tolerated even though American Family stole and converted his work-product for their own benefit in the Miscik case no. 12-cv-260.  Rigsby had flushed out the case and had discovery done by the time Attorney Riley was hired.

30.  Rigsby has been submitting his evidence in the Miscik case and had a chance to speak with Judge Albert about his concerns of his stolen work-product and the bad faith and fraud that existed in Miscik's case on November 22, 2013.  Judge Albert suggested Rigsby file his own lawsuit for intellectual property theft/copyright infringement since his work-product was used by all parties to get paid on.  All Defendants' have all used Rigsby's work product" as their own work-product for this case, making little to no changes from his efforts.

31.  Bruce Berndt owner of Berndt, CPA helped Miscik set up accounts and another business as a shell to protect Misick's personal interests to hide the "real" dollar amount from his case no. 12-cv-260 settlement monies from Rigsby as a shareholder of Binary Deity,LLC /Mizzik Entertainment, LLC.  These Defendants' also filed a false tax return for 2011 and 2012 with the Internal Revenue Service by not including Misick's case no. 12-cv-260 as an asset. Bruce Berndt and Chris Miscik lied to Rigsby and set Rigsby up for tax fraud as Rigsby needs to claim his settlement monies to the Internal Revenue Service to pay taxes on these monies so he needs to know what Miscik actually received from case no. 12-cv-260..

32.  Rigsby trusted that all Defendants' would do their job and take care of Mr. Miscik's permanent brain injuries and not take advantage of him.  All Defendants' worked in concert to keep Rigsby out of the loop and litigation so he wouldn't figure out their scam and learn that

they had all infringed on and converted his work-product into their own to receive settlement monies from.

33. Rigsby sent demand letters to all parties with a deadline to resolve these matters before the end of 2013. A copy of these demand letters are attached hereto as Exhibit L. Rigsby did everything he could to resolve all issues and communicate with Defendants' before he filed this suit. Judge Albert has allowed Rigsby to file all of his evidence on the state case no. 12-cv-260. A copy of the last two recent pages of Rigby's filings are attached and hereto as Exhibit N.

34. Rigsby met with Don Schultz, managing manager for the American Family, Division for Attorney Kristine Burck, the eastern region to discuss resolution to these matters. Don Schultz asked Rigsby's if he had retained a lawyer or was going to motion the courts/Judge

Albert

for a hearing. Rigsby responded that he wanted to resolve matters first. In another phone call follow-up Don Schultz said American Family was done and could not talk to Rigsby. Rigsby had done everything he could before filing this suit to resolve matters with all parties. Jason Hermersmann with Kohn Law firm who represented Progressive called Rigsby shouting that he was upset Rigsby was going to sue his client but still refused to discuss anything to resolve matters. It took Rigsby less than thirty days to figure out the scam all parties embarked on and completed on Miscik and the Wetley's for case no. 12-cv-260 without counsel.

35. Rigsby helped get the Wetley's American Family insurance policies in discovery and months before Miscik hired Mr. Riley so knows that there was $1,300,000 at stake and settlement monies to Miscik was more than $5,000. All parties acted in bad faith and malpracticed throughout the state case no. 12-cv-260. Attorney Riley switched from attorney to mediator using Attorney Kristine Burck's state bar number for both stipulations and dismissals

11

dated April 2, 2013 and November 4, 2013.  A copy of these dismissal are attached hereto as Exhibit G and H.

35.  At all times mentioned, each defendant was an agent, servant, employee, and or partner of each and every other defendant and was acting within the course and scope of this relationship. The conduct of each defendant was authorized and ratified by each and every other defendant.

## CLAIM ONE - COPYRIGHT INFRINGMENT
## (ALL DEFENDANTS')

36.  Plaintiff's incorporates herein by reference all proceeding paragraphs of this complaint the same as if fully set forth hereinafter.

37.  All Defendants' infringed on Rigsby's  work-product for Miscik's case no. 12-cv-260 as he is the author of the work-product and used it to get paid on for all settlement monies regarding this case.  A copy of the copyright application is Attached herein as Exhibit C.

38.  All Defendants' had access to Rigsby's work-product as they had it at the time the complaint was filed on January 19, 2013 using Rigsby's work-product as their own.  Attorney Riley made little to no changes to Rigsby's work-product in the amended complaint and all parties used it strategize and negotiate monies settled and have infringed on Rigsby's copyrighted work-product.

39.  All parties have violated Rigsby's exclusive rights as a copyright owner.  All parties used Rigsby's work-product to amend the complaint for case no. 12-cv-260.  All parties copied and distributed Rigsby's work-product to strategize, negotiate and receive settlement monies and were paid on Rigsby's work-product.

## CLAIM TWO - BREACH OF FIDUCIARY DUTY
## (ALL DEFENDANTS')

40.  Plaintiff's incorporates herein by reference all proceeding paragraphs of this complaint the same as if fully set forth hereinafter.

41.  CHRIS MISCIK breached his fiduciary duty to Rigsby as a shareholder in their business Binary Deity, LLC/Mizzik Entertainment, LLC by not adding their business in the amended complaint for his case no. 12-cv-260.  Rigsby emailed Miscik a reminder of the to do list for his first meeting with Attorney Riley on May 15, 2012.

42.  BRUCE BERNDT, CPA and BERDNT, CPA are in breach of their fiduciary duty to Rigsby as a shareholder in their business Binary Deity, LLC/Mizzik Entertainment, LLC by not filing the correct tax assets for 2012, aiding Miscik in hiding his settlement monies from Rigsby for case no. 12-cv-260 and setting Rigsby up for fraud with the Internal Revenue Service. Bruce Berndt and Berndt CPA did not properly investigate Misick's case issues and used Miscik and Rigsby's business to hide settlement monies.  Their intentions were willful against Rigby to keep him in the dark of the dollar amount Miscik received from his settlement monies from case no. 12-cv-260.

43.  ATTORNEY J. MICHAEL RILEY AND AXLEY BRYNELSON, LLP are in breach of their fiduciary duty to Miscik by not representing Miscik throughout his case no. 12-cv-260 as Mr. Riley switched from his attorney to the "mediator" without Miscik's knowledge and forcing him to lose his rights.  These Defendants' also are in breach of their fiduciary duties from not amending Rigsby and the business Binary Deity, LLC/Mizzik Entertainment, LLC to case no. 12-cv-260 as requested therefore are in breach of their fiduciary duties to Rigsby as a shareholder.

44.  ATTORNEY KRISTINE BURCK, AMERICAN FAMILY MUTUAL INSURANCE COMPANY are in breach of their fiduciary duties to their insured Marilyn and Levine Wetley by not investigating and protecting them from other parties that have standing to sue them, especially when

13

they knew of Rigsby and Miscik's business.

45. PROGRESSIVE CASUALTY INSURANCE COMPANY is in breach of their fiduciary duty with Miscik by refusing to defend him in case no. 12-cv-260, therefore in breach to Rigsby as well.  They also failed to properly investigate.

46. UNITY HEALTH PLANS INSURANCE INSURANCE CORPORATION is in breach of their fiduciary duty to Miscik, therefore Rigsby as they also failed to investigate for case no. 12-cv-260.

47. A lawyer, or any other fiduciary, must avoid "self-dealing" or "conflicts of interest" where the potential benefit to the fiduciary is in conflict with what is best for the client which is abusing the relationship.  MICHAEL RILEY, AXLEY BRNELSON, LLP, KRISTINE BURCK, AMERICAN FAMILY MUTUAL INSURANCE COMPANY, PROGRESSIVE CASUALTY, INSURANCE COMPANY and UNITY HEALTH PLANSINSURANCE CORPORATION all abused Miscik and the Wetleys for their own interests and financial gain which in turn abused y Rigsby breaching their fiduciary duty to him as well.

Fiduciaries can include business advisors, attorneys, guardians, estate executors, bankers, real estate agents, title companies, stock brokers, husbands, wives, or anyone who accepts your complete confidence and trust. A fiduciary duty can be either express or implied from the specific factual situation surrounding the transaction and the relationship of the parties.  An implied fiduciary relationship will lie when there is a degree of dependency on one side and an undertaking on the other side to protect and or benefit the dependent party.  As set forth in this complaint there was an existence of a duty, a breach of that duty, and damages flowing from the breach on Rigsby when they stole, used, and converted Rigsby work-product for themselves and as their own to get paid settlement monies on when Rigsby did not.

14

## CLAIM THREE - FRAUD
## (ALL DEFENDANTS')

48.  Plaintiff's incorporates herein by reference all proceeding paragraphs of this complaint the same as if fully set forth hereinafter.

49.  Fraud the elements are:

(1) a false statement of a material fact.  In this case all Defendants' verified that Miscik's final settlement monies received was only $5000 settlement check and the stipulations and dismissal court paperwork was false as the state bar numbers for Attorney Riley on April 4, 2013 and for November 4, 2013 were Attorney Kristine Burck state bar numbers were used instead confirming Riley was a mediator and not Miscik's attorney.

(2) knowledge on the part of the defendant that the statement is untrue.  All partied knew this final settlement number was false.

(3) intent on the part of the defendant to deceive the alleged victim.  All parties intended to deceive Rigsby so he wouldn't figure out they used his work-product, had used the Wetley's umbrella policies for their attorney fees to get paid out and had taken advantage of Miscik.

(4) justifiable reliance by the alleged victim on the statement.  Rigsby relied that these facts were true for the final settlement check and paperwork for the stipulations and dismissals

(5) injury to the alleged victim as a result.  All parties got paid off Rigsby's work-product for settlement monies for case no. 12-cv-260 and Rigsby did not.

## CLAIM FOUR - BREACH OF CONTRACT
## (CHRIS MISCIK)

50.  Plaintiff's incorporates herein by reference all proceeding paragraphs of this complaint the same as if fully set forth hereinafter.

51.  Miscik entered into a contract with Rigsby to split the proceeds from the work Rigsby did for Miscik for case no. 12-cv-260 and agreed upon a 50-50% split of all settlement Proceeds received from case no. 12-cv-260.

52.  Rigsby has complied with all conditions precedent required for recovery under their contract.

53.  Miscik has breached his contract with Rigsby by failing to add their business Binary Deity, LLC/Mizzik Entertainment, LLC to Miscik's amended complaint when he had the chance.

54.  Miscik breached his contract in not paying out Rigsby when he got paid out from case no. 12-cv-260.  Rigsby was harmed from Miscik's breach of contract.

## CLAIM FIVE – TORT CONVERSION
## (ALL DEFENDANTS')

55.  Plaintiff's incorporates herein by reference all proceeding paragraphs of this complaint the same as if fully set forth hereinafter.

56.  All parties wrongfully took Rigsby's work-product belonging to him without legal authority.

57.  Those takings were without consent.

58.  All parties acts with respect to the such taking of property, seriously interfered with the right of Rigsby to exclusively possess such property, which is a cause of the damages alleged herein.

59.  As a direct, foreseeable, and proximate result of all parties' illegal conduct, Rigsby has suffered financial losses and other injuries.

## CONCLUSION

In conclusion all parties did not by law investigate case no. 12-cv-260 to ensure their own work-product and can't prove they did anything in good faith for the Wetley's or for Miscik and that they cared about both parties rights or Miscik's permanent damages (brain injury). Rigsby has over 150 emails and all discovery evidence to prove he did the work-product for case no. 12-cv-260. Rigsby was at every meeting with Miscik, went to the courthouse to file the fees for case no. 12-cv-260, did all the work-product for Miscik's and was a witness as well to Miscik's auto accident. Defendants' cannot prove Rigsby was not involved, that it was not his work-product they used and that they had their own work-product and did their own investigations. Rigsby has over 150 emails with Miscik regarding Rigsby's work-product. Miscik did not speak up for Rigsby and their business'/member's rights after he had an agreement with Rigsby and all parties made sure when Miscik signed off he would not tell Rigsby of the true settlement monies Miscik received.

## C. REQUEST FOR RELIEF

Wherefore, Plaintiff, Rigsby demands judgment in its favor and against all Defendants' in an amount of excess of $75,000.00 along with applicable cost and other damages

1. All Copyright Infringement remedies from all parties

2. All Breach of Fiduciary Duty remedies from all parties

3. All Fraud remedies from all parties

4. All Tort Conversion remedies from all parties

5. All Breach of Contract remedies from Miscik

6. All costs and attorney fees reimbursed

7. Punitive damages

8. Compensatory damages

9.  Money judgment for $1,600,000 for all parties

Respectfully submitted,

Rodney Rigsby