IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY RIGSBY,

                                                                                                OPINION AND ORDER

                  Plaintiff,

                                                 14-cv-23-bbc

      v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
CHRIS MISCIK, BRUCE BERNDT, BERNDT, CPA,
MICHAEL RILEY, AXLEY BRYNELSON, LLP,
KRISTINE BURCK, MARILYN WETLEY, LEVINE WETLEY
and UNITED HEALTH PLANS INSURANCE CORPORATION,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Rodney Rigsby is suing various parties under various legal theories for events that occurred after defendant Chris Miscik was injured in a car accident. Although plaintiff is not a lawyer, he says that he helped Miscik in a lawsuit against defendants Marilyn Wetley and Levine Wetley (the alleged tortfeasors in the car accident) and that Miscik agreed to give plaintiff half the amount he recovered from the case. However, after plaintiff provided assistance, such as by drafting Miscik's complaint and some discovery requests, Miscik hired lawyers (defendants Michael Riley and Axley Bynelson, LLP), who allegedly used plaintiff's work product to obtain a settlement, which Miscik did not share with plaintiff. Plaintiff alleges that defendant American Family Mutual Insurance Company was the Wetleys' insurer; defendant Kristine Burck is a lawyer for American Family;

1

2defendant Progressive Casualty Insurance Company was defendant Miscik's automobile insurer; defendant Unity Health Plans Insurance Corporation was Miscik's health insurer; defendant Berndt, CPA, provides accounting services for Binary Deity, LLC, a company plaintiff says that he co-owns with Miscik; and defendant Bruce Berndt owns Berndt, CPA.

Copyright is the only cause of action plaintiff asserts under federal law. His view is that "all" of the defendants violated his intellectual property rights by using his work product in defendant Miscik's lawsuit. In addition, plaintiff asserts state law claims for breach of fiduciary duty, fraud, breach of contract and conversion.

Each of the defendants has joined one of five motions to dismiss the case. Dkt. ## 11, 16, 19, 22 and 25. In addition, many of the defendants have filed motions for sanctions under Fed. R. Civ. P. 11 on the ground that plaintiff's claims are frivolous. Dkt. ## 15, 39, 51. Plaintiff has filed two of his own motion for sanctions as well. Dkt. #33 and 65.

I am granting the motions to dismiss, with the exception of a portion of plaintiff's copyright claim against defendants Miscik, Riley and Axley Brynelson and plaintiff's breach of contract claim against Miscik. In addition, I am awarding attorney fees under Rule 11 for the frivolous claims that plaintiff has filed.

OPINION

A. Subject Matter Jurisdiction

The first question in every case filed in federal court is whether subject matter jurisdiction is present. McCready v. White, 417 F.3d 700, 702 (7th Cir. 2005). In his

complaint, plaintiff relies solely on 28 U.S.C. § 1332 as a basis for jurisdiction. However, one of the requirements for an exercise of jurisdiction under § 1332 is complete diversity between the plaintiffs and defendants, which means that no defendant can be a citizen of the same state as plaintiff. Smart v. Local 702 International Brotherhood of Electircal Workers, 562 F.3d 798, 803 (7th Cir. 2009)

In this case, plaintiff alleges that he lives in Wisconsin and that nearly all of the defendants live in Wisconsin or have their principal place of business here. Although residency and citizenship are not synonymous, Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003), plaintiff did not suggest that he is a citizen of another state, even after several of the defendants argued in their motions to dismiss that plaintiff failed to show diversity of citizenship. Instead, he says that jurisdiction is present under § 1332 because one of the defendants, Progressive, is a citizen of Ohio. However, as noted above, the question under § 1332 is not whether *one* defendant's state citizenship is different from plaintiff's, but whether *all* of them are different. Plaintiff cites various cases in which courts considered the meaning of the word "citizen," but each of these cases is irrelevant because they have nothing to do with § 1332, which has its own definition of citizenship.

Next, plaintiff says that jurisdiction is present under 28 U.S.C. § 1391(a)(2) because a substantial part of the events relevant to this case occurred in Wisconsin. However, § 1391 relates to venue, which is a separate question from jurisdiction.

Finally, plaintiff says that jurisdiction is present because copyright is a federal claim. I agree. Under 28 U.S.C. § 1331, federal courts may exercise jurisdiction over any claim that

3

arises under federal law. Further, under 28 U.S.C. § 1367, I may exercise supplemental jurisdiction over state law claims that arise out of the same facts as the federal claim. Although some of the defendants note that plaintiff does not cite § 1331 or § 1367 in his complaint, federal pleading rules do not require plaintiffs to cite applicable law in this context. Alioto v. Town of Lisbon, 651 F.3d 715, 720-21 (7th Cir. 2011).

## B. Copyright

Because copyright is plaintiff's only federal claim, that is the claim I will address first. I understand plaintiff to be alleging that each of the defendants infringed his copyright by copying his "work product" for Miscik's state court case, including a complaint, deposition questions, interrogatories and a proposed settlement agreement, along with case law research, insurance policies and police reports he obtained, photographs he took of the accident scene and investigative work that he performed.

In their motions to dismiss, defendants make one or more of the following arguments for dismissing the copyright claim: (1) plaintiff did not adequately allege that he registered his copyright, as required by 17 U.S.C. § 411(a); (2) plaintiff did not identify particular infringing acts by the defendants; (3) plaintiff may not sue for copyright infringement because the alleged original work was the result of the unauthorized practice of law; and (4) some of the "work product" defendant is seeking to protect, such as legal research or police reports, cannot be copyrighted. Although there is little case law on the issue, all parties seem to assume that litigation documents such as a complaint, discovery requests and a settlement

4

offer may be copyrighted, so I do not consider that issue. Ralph D. Clifford, <u>Intellectual Property Rights in an Attorney's Work Product</u>, 3 S. New Eng. Roundtable Symp. L.J. 1 (2008) (arguing that litigation documents should be protected by copyright law under some circumstances); Davida H. Isaacs, <u>The Highest Form of Flattery? Application of the Fair Use Defense Against Copyright Claims for Unauthorized Appropriation of Litigation Documents</u>, 71 Mo. L. Rev. 391, 393 (2006) (same).

1. <u>Registration</u>

Under 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." Plaintiff says that he complied with this requirement by filing an application with the copyright office, paying the fee and depositing the works at issue. Although he does not say that he has received a response to his application (he filed it only a week before bringing this lawsuit), he cites <u>Apple Barrel Products, Inc. v. Beard</u>, 730 F.2d 384, 386 (5th Cir. 1984), and <u>Chicago Board of Education v. Substance, Inc.</u>, 354 F.3d 624, 631 (7th Cir. 2003), for the proposition that he does not have to wait for a response. In <u>Apple Barrel</u>, the court stated, "in order to bring suit for copyright infringement, it is not necessary to prove possession of a registration certificate. One need only prove payment of the required fee, deposit of the work in question, and receipt by the Copyright Office of a registration application." In <u>Chicago Board of Education</u>, the court stated, "Although a copyright no longer need be registered with the

Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon."

In their reply brief, defendants Miscik, Riley and Axley Brynelson cite Neri v. Monroe, 726 F.3d 989 (7th Cir. 2013), as supporting the view that plaintiff needs a registration certificate before he can proceed, but I disagree. In Neri, 726 F.3d at 990, the court stated that "copyright is permissible only after it has been registered," but this does answer the question of what it means to "register" the copyright. Both Apple Barrel and Chicago Board of Education support the view that an application accompanied by a deposit and fee is sufficient.

To the extent that Chicago Board of Education is ambiguous, I agree with the analysis in 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B], which was cited in both Apple Barrel and Chicago Board of Education. The authors of that treatise rely on a textual argument and a policy argument in favor of their interpretation that § 411 permits a plaintiff to file a copyright lawsuit once he has submitted his application, paid the fee and deposited the work. First, they note that, under 17 U.S.C. § 410(d), the effective date of a copyright registration is the date on which an application, deposit and fee have been received by the copyright office. Nimmer, supra, at § 7.16[b][3][b][ii]. Second, they argue that, once a claimant has submitted an application, she "has done all that she can do, and will ultimately be allowed to proceed regardless how the Copyright Office treats her application, [so] it makes little sense to create a period of 'legal limbo' in which suit is barred." Id. This reasoning is persuasive, so I decline to dismiss plaintiff's copyright claim

on the ground that he has not yet received a certificate.

2. Infringing acts

A plaintiff alleging copyright infringement must show that the defendant "cop[ied] constituent elements of the work that are original." Feist Publications Inc. v. Rural Telephone Service Co., 499 U.S. 340, 361 (1991). All of the defendants with the exception of defendants Miscik, Riley and Axley Brynelson argue that plaintiff has failed to identify how those defendants "copied" his legal work product. I agree.

I will assume for the purpose of the pending motions that it may be inferred from plaintiff's complaint that defendants Miscik, Riley and Axley Brynelson copied substantial portions of the complaint, discovery requests and other litigation documents that plaintiff drafted. However, with respect to the other defendants, plaintiff says nothing in his complaint except that "all" of them "infringed on" his "work product" and "used it [to] strategize and negotiate monies settled." Cpt. ¶¶ 37-38, dkt. #1.

These conclusory allegations do not state a claim upon which relief may be granted. Plaintiff does not identify any way in which an act by defendants (other than Riley, Miscik and Axley Brynelson) could be construed as copying plaintiff's work. One of the requirements of Fed. R. Civ. P. 8 is to give defendants notice of what they did to violate plaintiff's rights. Grieveson v. Anderson, 538 F.3d 763, 778 (7th Cir. 2008). Plaintiff may not simply list the elements of his claim. Rao v. BP Products North America, Inc., 589 F.3d 389, 398-99 (7th Cir. 2009).

Further, I agree with defendants that it would make no sense for any of them to copy plaintiff's work product. Some of these defendants were also defendants in the state court case; others were involuntary plaintiffs; others were not parties at all. Why would any of them wish to copy plaintiff's work product, particularly those who were defendants or nonparties? How could any of them benefit from copying plaintiff's work product? Although plaintiff makes lengthy arguments in defense of his copyright claims, he fails to answer these basic questions anywhere in his briefs, even after defendants pointed out this fundamental defect in the claim.

Plaintiff seems to believe that defendants infringed his copyright by referring to one or more of the documents he drafted during their settlement negotiations. He does not identify any specific examples of this occurring, but even if I assume that it did, it would not support a claim for a copyright violation because it is obvious that mentioning or even relying on a document in discussions is not "copying" the work.

Even after various defendants pointed out in their motions to dismiss that plaintiff had not identified any acts of infringement by them, plaintiff provided no hint in any of his briefs as to how they copied any of his work product. Even if it is possible that one or more of these defendants made a copy of the complaint for the purpose of discussing it during settlement, it is difficult to imagine any scenario under which the copying of a publicly filed document that is part of the court record would not qualify as fair use under 17 U.S.C. § 107, particularly if the only reason for the copying was to refer to the documents in a proceeding related to that case. Accordingly, I conclude that it would be futile to give

plaintiff an opportunity to replead and I am granting defendants' motion to dismiss the complaint as to these claims.

3. Unauthorized practice of law

With respect to plaintiff's copyright claim against defendants Riley, Miscik and Axley Brynelson, these defendants argue that any litigation documents plaintiff drafted for Miscik constitute an unauthorized practice of law, so plaintiff should not be permitted to sue under copyright law for any copying of those litigation documents. Some of the other defendants assert this defense in the alternative to their other arguments.

I will assume for the purpose of defendants' motions that plaintiff engaged in the unauthorized practice of law. However, even with this assumption, I cannot conclude that defendants Miscik, Riley and Axley Brynelson have shown that they are entitled to dismissal of this claim at this stage of the case.

Defendants rely on the doctrine of "copyright misuse," but that doctrine seems to be concerned with improper efforts by a party to expand the scope of his copyright, which is not alleged in this case. E.g., Lasercomb America, Inc. v. Reynolds, 911 F.2d 970, 977-78 (4th Cir. 1990) (applying doctrine to anticompetitive language in licensing agreement); In re Napster, Inc. Copyright Litigation, 191 F. Supp. 2d 1087, 1102-03 (N.D. Cal. 2002) ("[C]opyright misuse exists when plaintiff expands the statutory copyright monopoly in order to gain control over areas outside the scope of the monopoly."); qad. inc. v. ALN Associates, Inc., 770 F. Supp. 1261, 1266-67 (N.D. Ill. 1991) (copyright misuse doctrine

9

stands for principle that "[n]o party can use the limited grant that a copyright confers to gain control of components over which it has no such right"). See also 4 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 13.90[A] (tying copyright misuse doctrine to antitrust violations). Defendants cite no cases in which any court applied the doctrine in circumstances remotely similar to this case.

Defendants also refer more generally to the doctrine of unclean hands, but again, defendants fail to cite any authority in which a court applied the doctrine to a similar case. Rather, the leading treatise on copyright law states that an unclean hands defense

> is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action. For instance, the defense has been recognized when the plaintiff misused the process of the courts by falsifying a court order, by falsifying evidence or by misrepresenting the scope of his copyright to the court and opposing party.

Id. at § 13.09[B].

Nimmer discusses the question whether a party's illegal conduct should prevent a party from enforcing his copyright and concludes that the answer is "no." 1 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 2.17 ("[T]he fact that a copyrightable work is being used for illegal purposes should not constitute a defense to copyright infringement.") The treatise cites Dream Games of Arizona, Inc. v. PC Onsite, 561 F.3d 983, 990 (9th Cir. 2009), in which the court held that the plaintiff could sue for copyright infringement of a gambling video game found to be illegal by the state supreme court.

The Court of Appeals for the Ninth Circuit quoted Mitchell Brothers Film Group v. Cinema Adult Theater, 604 F.2d 852, 863 (5th Cir.1979), for the proposition that "[t]he

maxim of unclean hands is not applied where plaintiff's misconduct is not directly related to the merits of the controversy between the parties, but only where the wrongful acts in some measure affect the equitable relations between the parties in respect of something brought before the court for adjudication," and Fuller v. Berger, 120 F. 274, 278 (7th Cir.1903), for the proposition that "[t]he alleged wrongdoing of the plaintiff does not bar relief unless the defendant can show that he has personally been injured by the plaintiff's conduct." Rather, if the defendant cannot show that it was personally injured and the illegal conduct is not directly related to the lawsuit, the court should leave prosecution of that conduct to its normal course rather than allow the defendant to avoid liability for an infringing act.

There may be strong arguments for declining to follow Nimmer and Dream Games in this case, but I am hesitant to side with defendants in the context of a motion to dismiss when they failed to cite any authority addressing the specific question of illegal use. Defendants are free to develop their argument in the context of a motion for summary judgment.

4. Work product not protected by copyright

I agree with defendants that the litigation documents plaintiff prepared are the only work product plaintiff identifies that could qualify for copyright protection. In particular, plaintiff alleges that he drafted defendant Miscik's complaint, some deposition questions and interrogatories and a proposed settlement agreement. Plaintiff mentions other things in his

complaint, such as "case law research,"police reports, insurance policies, pictures of the accident scene, and his act of hiring an investigator. However, legal research, insurance policies and police reports are not original works that plaintiff authored. Hiring an investigator is not a work at all because it is not "fixed in any tangible medium of expression." 17 U.S.C. § 102(a). Although a photograph could be copyrighted, plaintiff does not identify anything creative about the photographs he took. Conrad v. AM Community Credit Union, — F.3d — , 13-2899, 2014 WL 1408635 (7th Cir. Apr. 14, 2014) (to be copyrighted, "a photograph, or any other copy, must have an element of originality").

Plaintiff's only response to this is to say that he had a copyright in the "arrangement" of these different documents, but that argument is absurd in this context. He fails to explain how he arranged insurance policies and police reports in a such a creative way that they became eligible for copyright protection. It seems highly unlikely that it would be possible to do so.

To sum up, I am allowing plaintiff to proceed on his copyright claim against defendants Miscik, Riley and Axley Brynelson with respect to their alleged copying of the litigation documents plaintiff drafted in Miscik's state court case, including the complaint, deposition questions, interrogatories and proposed settlement agreement. I am dismissing the claim in all other respects and as to all other defendants.

## C. State Law Claims

### 1. Breach of fiduciary duty

Plaintiff says that defendants breached their fiduciary to him in various ways: defendant Miscik, by failing to add plaintiff's and Miscik's joint business as a plaintiff in Miscik's lawsuit about the car accident; defendants Riley and Axley Brynelson for the same reason and by failing to adequately represent Miscik in that lawsuit; defendant Berndt and Berndt, CPA, "by not filing the correct taxes for 2012, aiding Miscik in hiding his settlement monies from Rigsby [in the state court case] and setting Rigsby up for fraud with the Internal Revenue Service," cpt. ¶ 42, dkt. #1; defendants American Family and Burck, "by not investigating and protecting [defendants Marilyn Wetley and Levine Wetley] from other parties that have standing to sue them," id. at ¶ 44; and defendants Progressive and Unity, by failing to defend defendant Miscik in the state court case.

This claim is legally frivolous as to all defendants. Plaintiff does not identify a fiduciary relationship that he had with any of defendants. Rather, most of plaintiff's allegations with respect to this claim are about failures by certain defendants to act in the best interests of other defendants. However, plaintiff does not have standing to sue to enforce the rights of these other parties. Kowalski v. Tesmer, 543 U.S. 125, 129 (2004) ("[A] party generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.").

2. Fraud

The scope of plaintiff's fraud claim is not obvious from the allegations in his complaint. However, he does not dispute what seems to be defendants' understanding of the claim, which is that defendants deceived plaintiff by stating that defendant Miscik's claim in state court was settled for only $5000.

This claim is also legally frivolous as to all defendants. To begin with, plaintiff does not identify any particular false representation by any particular defendant, which is required under Fed. R. Civ. P. 9(b). Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Financing Services, Inc., 536 F.3d 663, 668 (7th Cir. 2008). Further, plaintiff does not provide any basis for a belief that defendant Miscik received more than a $5000 settlement. In any event, even if I assume that every defendant lied to plaintiff about the amount of the settlement that defendant Miscik received, not every false statement may serve as the basis for a fraud claim. Another element of fraud in Wisconsin is reasonable reliance, Metavante Corp. v. Emigrant Savings Bank, 619 F.3d 748, 767-68 (7th Cir. 2010) (applying Wisconsin law), but plaintiff's only allegation about reliance is that he "relied that these facts were true for the final settlement check and paperwork for stipulations and dismissals." Cpt. ¶ 49, dkt. #1. This statement borders on the nonsensical and plaintiff does not attempt to clarify it in his briefs. To the extent that plaintiff means to argue that he would not have agreed to dismissal of the state court case if he had known that the actual settlement was higher, that argument is a nonstarter because plaintiff was not a party to the state court lawsuit, so he had no legal authority to accept or reject a stipulated dismissal.

3. Conversion

Plaintiff's allegations related to the tort of conversion are similar to his allegations of copyright infringement. He alleges that "all" defendants took his "work product" without his consent. Cpt. ¶¶ 55-59, dkt. #1. However, plaintiff does not suggest that any defendant took the original copies of his work product or otherwise prevented *him* from using the work product. Because one of the elements of a conversion claim is that the defendant "seriously interfered" with the plaintiff's right to possess the property, Wis JI-Civil 2200, this claim is frivolous as well. To the extent plaintiff is arguing that defendants converted his intellectual property, that is another nonstarter because a claim for conversion in Wisconsin is limited to chattel. Production Credit Association of Madison v. Nowatzski, 90 Wis. 2d 344, 353–54, 280 N.W.2d 118 (1979); Third Educ. Grp., Inc. v. Phelps, 07-C-1094, 2009 WL 2150686 (E.D. Wis. May 15, 2009).

Finally, plaintiff does not respond to the argument by defendants Miscik, Riley and Axley Brynelson that the attachments to plaintiff's complaint show that plaintiff gave them permission to use his work product. Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004) ("[W]hen a document contradicts a complaint to which it is attached, the document's facts or allegations trump those in the complaint."). Because another element of conversion is that the defendant took the property without consent, Wis JI-Civil 2200, the claim fails for this reason as well. (Although it would seem that any permission plaintiff gave defendants would be relevant to a license defense to plaintiff's copyright claim, defendants did not raise the issue in the context of the copyright claim, so

I have not considered it.)

4. Breach of contract

Plaintiff's breach of contract claim is against defendant Miscik only. Plaintiff says that Miscik promised to share half of his settlement in the state court case in exchange for legal assistance, but Miscik failed to pay plaintiff anything. Miscik's only argument with respect to this claim is that he did not enter into an enforceable contract with plaintiff. Rather, the agreement attached to plaintiff's complaint states that Miscik "agrees to gift" plaintiff half of his settlement, dkt. #1-1 at 10, and "[a] promise to make a gift cannot be enforced." In re Stitt's Estate, 127 Wis. 379, 106 N.W. 114, 115 (1906).

The problem with defendant Miscik's argument is that plaintiff alleges that Miscik's promise was not actually related to a gift, which is a "voluntary transfe[r] of property to another *without compensation*." Black's Law Dictionary 709 (8th ed. 2004) (emphasis added). Rather, plaintiff alleges that he gave consideration to Miscik in the form of legal assistance. Miscik cites no authority for the proposition that a party may avoid what is otherwise an enforceable promise by calling it a "gift." Cf. Goodhue v. Town of Beloit, 21 Wis. 636, 641 (1867) (town could not avoid payment for building bridge by stating that it had agreed only to "donate" $1000 to plaintiff for services because "a promise to give or donate money for a valuable consideration constitutes a contract"). In the case Miscik cites, the court emphasized that the promise at issue was made without consideration. Smith, 277 N.W. at 143. Even if I assume that Miscik's promise to give plaintiff half of the settlement was

16

not related to plaintiff's legal assistance, defendant does not explain why plaintiff would not be entitled to compensation for his services. (Miscik does not argue that any promise for payment is unenforceable because plaintiff's conduct was illegal, so I do not consider that issue.)

### D.  Sanctions

All but three of the defendants (Unity, Berndt and Berndt, CPA) joined one of three motions to sanction plaintiff under Fed. R. Civ. P. 11 for filing frivolous claims. It seems to be undisputed that each of the defendants who joined a motion complied with Fed. R. Civ. P. 11(c)(2), which required them to give plaintiff 21 days to withdraw his claims.

With respect to the claims for copyright infringement against defendants Miscik, Riley and Axley Brynelson and for breach of contract against defendant Miscik, I must deny the motion for sanctions because I am allowing those claims to proceed. However, I agree with defendants that all other claims plaintiff asserted in his complaint are legally frivolous. As discussed above, plaintiff had no arguable basis for suing defendants Berndt, Berndt CPA, Levine Wetley, Marilyn Wetley, Burck, American Family, Unity and Progressive for copyright infringement or for suing any of the defendants for conversion, fraud or breach of fiduciary duty. Plaintiff violated Rule 11(b)(2) when he asserted claims that are not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Plaintiff's own motions for sanctions against defendants simply are other examples of a frivolous legal position. Accordingly, I

conclude that an appropriate sanction is to require plaintiff to pay defendants' attorney fees on the frivolous claims. Brandt v. Schal Associates, Inc., 960 F.2d 640, 646 (7th Cir. 1992) ("When defending a spurious lawsuit attorneys' fees are an inevitable ingredient in the expenses incurred, and they represent one reasonable measure of sanctions aimed at deterring the perpetrator and compensating the victim.").

Defendants Miscik, Riley and Axley Brynelson ask for the additional sanction of prohibiting plaintiff from suing them in the future. In support, defendants say that plaintiff has been sanctioned by courts for filing other frivolous cases and that plaintiff has an "apparent vendetta" against them. However, most of the cases defendants list come from state courts and the only evidence of the sanctions they cite is a brief filed by a lawyer in another case. Dkt. #53-5. Obviously, I cannot take judicial notice of the allegations in a brief, but even if I could, the brief does not describe the circumstances of the sanction. In addition, despite defendants' allegation of a "vendetta" against them, they do not suggest that plaintiff has filed any other lawsuits against them and they identify no reason that is likely to happen in the future. Particularly because I am allowing plaintiff to proceed on some claims against these defendants, I conclude that defendants have failed to show that an injunction is an appropriate sanction at this time. However, plaintiff is on notice that a more severe sanction such as a filing ban may be appropriate if he continues to file frivolous claims of the sort dismissed in this order.

ORDER

IT IS ORDERED that

1. The motion to dismiss filed by defendants Axley Brynelson, LLP, Michael Riley and Chris Miscik, dkt. #22, is DENIED with respect to plaintiff Rodney Rigsby's claims that: (1) defendants Axley Brynselson, Riley and Miscik infringed plaintiff's copyright that he owns related to litigation documents that he drafted for Miscik's state court case; and (2) defendant Miscik breached his contract with plaintiff to pay plaintiff for his legal assistance. The motion is GRANTED and the complaint is DISMISSED as to all other claims against these defendants.

2. The motions to dismiss filed by defendants Bruce Berndt and Berndt, CPA, dkt. #11; defendants American Family Mutual Insurance Company, Kristine Burck, Levine Wetley and Marilyn Wetley, dkt. #16; defendant Progressive Casualty Insurance Company, dkt. #19; and defendant Unity Health Plans Insurance Corporation, dkt. #25, are GRANTED and the complaint is DISMISSED as to these defendants.

3. The motion for sanctions filed by defendants Miscik, Riley and Axley Brynelson, dkt. #51, is GRANTED IN PART. I will award attorney fees to these defendants with respect to plaintiff's claims for breach of fiduciary duty, fraud and conversion. The motion is DENIED in all other respects.

4. The motions for sanctions filed by defendant Progressive, dkt. #39, and by defendants American Family, Kristine Burck, Levine Wetley and Marilyn Wetley, dkt. #15, are GRANTED. I will award attorney fees to these defendants with respect to all of

plaintiff's claims against them.

    5. Plaintiff's motions for sanctions, dkt. ##33 and 65, are DENIED.

    6. Defendants Miscik, Riley, Axley Brynelson, Progressive, American Family, Kristine Burck, Levine Wetley and Marilyn Wetley may have until May 2, 2014, to submit an itemized request for attorney fees. Plaintiff may have until May 16, 2014, to file a response.

    Entered this 17th day of April, 2014.

                                          BY THE COURT:
                                          /s/
                                          BARBARA B. CRABB
                                          District Judge