IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY RIGSBY,

                                               OPINION AND ORDER

            Plaintiff,

                                                  14-cv-23-bbc

     v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,
PROGRESSIVE CASUALTY INSURANCE COMPANY,
CHRIS MISCIK, BRUCE BERNDT, BERNDT, CPA,
MICHAEL RILEY, AXLEY BRYNELSON, LLP,
KRISTINE BURCK, MARILYN WETLEY, LEVINE WETLEY
and UNITED HEALTH PLANS INSURANCE CORPORATION,

            Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      This lawsuit arises out of events that occurred after defendant Chris Miscik was injured in a car accident. Although plaintiff Rodney Rigsby is not a lawyer, he says that he helped Miscik in a lawsuit against defendants Marilyn Wetley and Levine Wetley (the alleged tortfeasors in the car accident) and that Miscik agreed to give plaintiff half the amount he recovered from the case. However, after plaintiff provided assistance, such as by drafting Miscik's complaint and some discovery requests, Miscik hired lawyers (defendants Michael Riley and Axley Bynelson, LLP), who allegedly used plaintiff's work product to obtain a settlement, which Miscik did not share with plaintiff. Plaintiff asserts claims for copyright violations, breach of contract, breach of fiduciary duty, fraud and conversion.

      In an order dated April 17, 2014, I granted motions by various defendants to dismiss

1

all of plaintiff's claims, with the exception of the claims that (1) defendants Axley Brynselson, Riley and Miscik infringed plaintiff's copyright that he owns related to litigation documents that he drafted for Miscik's state court case; and (2) defendant Miscik breached his contract with plaintiff to pay plaintiff for his legal assistance.  In addition, I granted motions for sanctions brought by many of the defendants on the ground that plaintiff violated Fed. R. Civ. P. 11 by bringing claims that are legally frivolous.

In response to the April 17 order, the defendants that were awarded attorney fees as a sanction have submitted affidavits in support of a particular amount. Dkt. ##76, 79 and 80.  For his part, plaintiff has filed a motion for reconsideration of the decision to dismiss many of his claims and to sanction him. Dkt. #77.  Finally, defendants Miscik, Riley and Axley Brynelson have filed a motion to stay discovery on damages until after any motions for summary judgment on liability are resolved by the court. Dkt. #93.  For the reasons discussed below, I am awarding the amount of attorney fees requested, denying plaintiff's motion for reconsideration except as it relates to plaintiff's breach of fiduciary duty claim against defendants Bruce Berndt and Berndt, CPA, and denying the motion to stay discovery on damages issues.


OPINION

A.  Plaintiff's Motion for Reconsideration

With respect to most of the defendants, plaintiff's motion for reconsideration does not raise issues that require additional discussion.  However, I am granting plaintiff's motion

as it relates to plaintiff's claim for breach of fiduciary duty against defendants Bruce Berndt and Berndt, CPA.

In the April 17 order, I dismissed plaintiff's breach of fiduciary duty claims on the ground that plaintiff had not identified a fiduciary relationship that he had with any of the defendants. However, I overlooked plaintiff's allegations that defendants Bruce Berndt and Berndt, CPA, were plaintiff's accountants at the relevant time and that those defendants had breached their fiduciary duty to plaintiff by helping defendant Miscik hide from plaintiff the settlement that Miscik received related to the car accident.

Wisconsin courts have assumed in multiple cases that accountants have fiduciary duties to their clients. E.g., Krier v. Vilione, 2009 WI 45, ¶ 58, 317 Wis. 2d 288, 323, 766 N.W.2d 517, 534; Fears v. Brill, 2009 WI App 174, 322 Wis. 2d 573, 776 N.W.2d 287. In this case, defendants Bruce Berndt and Berndt, CPA, have not raised any argument for rejecting the view that they owed a fiduciary duty to plaintiff. Although I do not hold that defendants had a fiduciary duty to plaintiff, the lack of such a duty is not so obvious that it would be appropriate for the court to dismiss the claim in the absence of any argument from defendants.

In opposing plaintiff's motion for reconsideration, defendant Bruce Berndt and Berndt, CPA, argue that plaintiff "fails to establish jurisdiction" for his state law claim against these defendants, but that argument is misguided. Defendants simply ignore 28 U.S.C. § 1367, which allows federal courts to exercise jurisdiction over a state law claim when it is part of the same case or controversy as a federal claim in the same case. That

standard seems to be met in this case because plaintiff's copyright and breach of fiduciary duty claims all relate to the lawsuit and subsequent settlement in state court related to defendant Miscik's car accident. Baer v. First Options of Chicago, Inc., 72 F.3d 1294, 1299 (7th Cir. 1995) ("A loose factual connection between the [the federal and state] claims is generally sufficient [to support an exercise of jurisdiction under § 1367.]") (internal quotations omitted). Although plaintiff is proceeding on copyright claims against different defendants, that is not a bar to an exercise of supplemental jurisdiction. 28 U.S.C. § 1367(a) ("[S]upplemental jurisdiction shall include claims that involve the joinder . . . of additional parties.").

To the extent that plaintiff is seeking to proceed on any other claim against defendants Bruce Berndt and Berndt, CPA, I am denying that request. In his motion, plaintiff says that Berndt breached his fiduciary duty to plaintiff when Miscik and plaintiff dissolved their business relationship, but any connection between that allegation and the federal claim is too attenuated to provide a basis for jurisdiction under § 1367. In addition, plaintiff says that defendants Bruce Berndt and Berndt, CPA, breached a contract with plaintiff, but this claim was not included in plaintiff's complaint, so I cannot consider it. Dkt. #72 at 16 ("Plaintiff's breach of contract claim is against defendant Miscik only.").

B. Defendants' Requests for Attorney Fees

In response to the April 17 order, three groups of defendants have filed affidavits in which they itemize their requests for attorney fees. Defendants American Family Mutual

Insurance Company, Kristine Burck, Marilyn Wetley and Levine Wetley have asked for $3328.42; defendants Miscik and Axley Brynelson ask for $9337.50; and defendant Progressive Casualty Insurance Company asks for $10,444.60. (In accordance with the April 17 order, the request by defendants Miscik and Axley Brynelson is limited to the work counsel performed on claims other than copyright and breach of contract. I did not award sanctions to defendants Bruce Berndt and Berdnt, CPA, because they did not file a sanctions motion.)

Although plaintiff has objected to each of these requests, he focuses on the question whether sanctions are appropriate; he does not object to the reasonableness of the amounts defendants have requested. Because plaintiff has raised no persuasive arguments for reconsidering the decision to sanction him and defendants' fee requests appear reasonable on their face, I am awarding the requested amounts.

### C. Motion to Stay Discovery on Damages

Defendants Miscik, Riley and Axley Brynelson have filed what they call a "motion to bifurcate discovery," which is more accurately called a motion to stay any discovery on damages until after any motions on summary judgment related to liability are resolved. Although I am sympathetic to defendants' concerns, they have not shown that they are entitled to the relief that they seek.

To begin with, the requested stay is not one that ordinarily is granted by this court. In fact, defendants do not cite any case in which this court stayed discovery on damages

issues until after liability was resolved. One reason for this is the delay that such a stay could cause. If the court granted a stay, it could require additional rounds of summary judgment motions to address damages issues. Even if defendants agreed to forgo a summary judgment motion on damages, the trial would have to be postponed to allow adequate time for discovery on damages if the court denied any summary judgment motion on liability. The current scheduling order, dkt. #101, does not account for either of these issues, so granting defendants' motion would require striking the schedule.

Defendants argue that the schedule would not be affected because it is likely that they will prevail on a motion for summary judgment. That may be so, but I cannot make that determination until after any summary judgment motions are before the court. It is not unusual for defendants to believe that they have strong arguments for obtaining summary judgment, but the court cannot simply take their word for it that their summary judgment motion will be successful.

Defendants also argue that a stay is needed to prevent plaintiff from filing abusive or overbroad discovery requests. At this point, however, I believe it is too early to tell whether defendants need special protection from the court. Defendants did not rely on any conduct by plaintiff in previous cases to justify their concerns, so I cannot consider that issue. With respect to this case, defendants list approximately 25 requests for production that plaintiff has submitted, but neither side has developed an argument as to whether the requested materials are discoverable under Fed. R. Civ. P. 26, so it would be premature to address those issues.

Even if I assumed that plaintiff will serve defendants with overly broad discovery requests, the limitation defendants request would not necessarily solve the problem. The line between evidence relevant to liability and the evidence relevant to damages is not always a clear one, so granting defendants' motion could create *more* problems by encouraging disputes about the purpose of a particular request.

Although I am denying defendants' motion, plaintiff should not interpret that ruling as permission for him to engage in burdensome or irrelevant discovery. Before he serves any discovery request, he should consider whether the request is likely to lead to relevant information and whether the request is unduly burdensome. If plaintiff serves defendants with a discovery request that defendants believe is improper, they are free to object to the request. Further, if plaintiff files a motion to compel that is not substantially justified, he may be subject to sanctions under Fed. R. Civ. P. 37. If plaintiff continues to serve improper discovery requests after that, additional sanctions may be appropriate, including limitations on the discovery plaintiff may request.

ORDER

IT IS ORDERED that

1. The requests for attorney fees filed by defendants American Family Mutual Insurance Company, Kristine Burck, Marilyn Wetley and Levine Wetley, dkt. #79, defendants Chris Miscik and Axley Brynelson, LLP, dkt. #80, and defendant Progressive Casualty Insurance Company, dkt. #76, are GRANTED. Plaintiff Rodney Rigsby is directed

to pay $3328.42 to defendants American Family Mutual Insurance Company, Kristine Burck, Marilyn Wetley and Levine Wetley; $9337.50 to defendants Miscik and Axley Brynelson; and $10,444.60 to defendant Progressive Casualty Insurance Company.

2. Plaintiff's motion for reconsideration, dkt. #77, is GRANTED with respect to plaintiff's claim that defendants Bruce Berndt and Berndy, CPA, breached their fiduciary duty to plaintiff by hiding the settlement money that defendant Miscik received for his car accident. Plaintiff's motion is DENIED in all other respects.

3. The motion to stay discovery filed by defendants Chris Miscik and Axley Brynelson, LLP, dkt. #93, is DENIED.

Entered this 8th day of July, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge