IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY RIGSBY,

                                                    OPINION AND ORDER
                    Plaintiff,

                                                        14-cv-23-bbc
            v.

CHRIS MISCIK, BRUCE BERNDT, BERNDT, CPA,
MICHAEL RILEY and AXLEY BRYNELSON, LLP,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Rodney Rigsby is proceeding on the following claims in this case:  (1)

defendants Axley Brynselson, LLP, Michael Riley and Chris Miscik infringed plaintiff's

copyright related to litigation documents that he drafted for Miscik's state court case

involving injuries he sustained in a car accident; (2) defendant Miscik breached his contract

with plaintiff by failing to pay plaintiff for his legal assistance; and (3) defendants Bruce

Berndt and Berndt, CPA breached their fiduciary duty to plaintiff by hiding the settlement

money that defendant Miscik received for his car accident.  I have dismissed all other claims

in plaintiff's complaint.  Dkt. ##72 and 103.

Various motions are now before the court.  Catherine Conrad and Quincy Neri have

filed motions to intervene; defendants have filed motions to strike or dismiss plaintiff's

"amended complaint" and "corrected amended complaint"; and both sides have filed

motions to compel discovery.  In addition, defendants Axley Brynselson, Riley and Miscik

1

have requested attorney fees related to their motion to compel.   For the reasons stated below, I am granting the motions to intervene and the motions to strike the "amended complaint" and "corrected amended complaint."   I am denying defendants' motion to compel as moot because plaintiff provided discovery responses after defendants filed their motion.  However, because plaintiff did not have a legitimate justification for refusing to respond earlier, I am granting defendants' request for attorney fees.  Finally, I am denying both of plaintiff's motions to compel because he has not shown that defendants have failed to provide him information that is relevant to his claims or likely to lead to the discovery of relevant evidence.

OPINION

A.  Motions to Intervene

Nonparties Conrad and Neri wish to intervene in this case on the grounds that they have all the same claims as plaintiff.  In particular, they say that they are co-owners of the copyrighted materials at issue in this case, that they had an agreement with defendant Miscik to be compensated for helping him with legal matters and that defendants Bruce Berndt and Berndt, CPA are their accountants and breached a fiduciary duty by hiding the settlement money that defendant Miscik received for his car accident.

Defendants do not deny that Conrad and Neri have a sufficient interest in the case to justify intervention under Fed. R. Civ. P. 24.  Rather, defendants' only argument  is that their request is untimely.  Defendants point out correctly that Conrad and Neri do not

identify any reason in their motion for their failure to join as co-plaintiffs when Rigsby filed his original complaint.  In their reply briefs, Conrad and Neri say that they wanted to wait until they received a copyright certificate for the documents at issue, but the same concern would have applied equally to Rigsby and did not prevent him from filing his claims earlier.

Regardless whether Conrad and Neri have good reasons for not joining sooner, defendants do not identify any unfair prejudice that they will suffer if Conrad and Neri are allowed to join now.  Their claims are identical to Rigsby's, so including them does not expand the scope of the issues in this case.  Further, both intervenors represent that they are "joining Mr. Rigsby in all briefs, arguments and motions already filed to date," dkt. ##121 and 122, so no issues need to be relitigated.  Particularly because defendants identify no authority that would prevent Conrad and Neri from filing their own lawsuit on the same issues, it is in all parties' interests to resolve all potential claims in one proceeding.

Although I am granting Conrad's and Neri's motion, I would be remiss if I failed to mention Rigsby's, Conrad's and Neri's curious history of joining each other's lawsuits after they are filed.  In particular, Rigsby has joined three lawsuits filed by Conrad, Conrad v. Westport Marine, Inc., No. 09-cv-49-bbc, dkt. #62; Conrad v. Isthmus Publishing, Inc., 09-cv-566-bbc, dkt. #22; Conrad v. Bendewald, No. 11-cv-305-bbc, dkt. #33, and one lawsuit filed by Neri, Neri v. Monroe, 11-cv-429-slc, dkt. #28.  In none of these cases was it clear why Rigsby joined the lawsuits after they were filed instead of joining as a co-plaintiff in the original complaint.

Rigsby's, Conrad's and Neri's motives remain unclear, but I see no benefit that they

gain or burden that they avoid by joining their claims now rather than earlier.  Likewise, defendants do not identify any unfair advantage that Rigsby, Conrad and Neri may obtain by joining their claims now.  Accordingly, I am granting their motions to intervene.

Fed. R. Civ. P. 24(c) requires a proposed intervenor to file "a pleading that sets out the claim or defense for which intervention is sought."  Because Conrad and Neri have stated that their claims are identical to Rigsby's, I conclude that the requirement in Rule 24(c) is satisfied by their motions.


B.  Amended Complaints

In the preliminary pretrial conference order, Magistrate Judge Stephen Crocker gave plaintiff a July 18, 2014 deadline for filing an amended complaint without leave of court. Dkt. #101.  On July 18, plaintiff filed what he called an "amended complaint" in which he asserted new claims for "breach of contract," "bad faith," "abuse of process" and "unjust enrichment" against "all defendants," including the various defendants that had been dismissed in previous orders.  Dkt. #111.  However, he omitted any reference to the claims on which he had been allowed to proceed, including the federal copyright claim, which provided the basis for exercising subject matter jurisdiction over plaintiff's state law claims.

Seizing on this omission, defendants filed motions to dismiss the case for lack of subject jurisdiction, arguing that the amended complaint was controlling.  Flannery v. Recording Industry Association of America, 354 F.3d 632, 638 (7th Cir. 2004) (amended complaint "supersedes an original complaint and renders the original complaint void").  A

few days later, plaintiff filed what he called a "corrected amended complaint" that encompassed both old and new claims, including those that had been dismissed. Dkt. #120. In response, defendants filed motions to strike or dismiss that complaint on the grounds that plaintiff failed to seek leave to file it as required by Fed. R. Civ. P. 15 or, alternatively, that the new claims do not state a claim upon which relief may be granted.

Defendants are correct that plaintiff should have filed a motion under Rule 15 because he filed his "corrected amended complaint" after the deadline in the preliminary pretrial conference order. However, I see no reason to strike the complaint on that ground. Plaintiff filed the complaint simply to clarify that he did not intend to abandon the claims in his original complaint. Further, it was only two weeks after the deadline, so I see little danger of unfair prejudice to defendants.

However, I agree with defendants on the merits. To the extent plaintiff is trying to revive dismissed claims, I have rejected those claims twice and I decline to consider them again. If plaintiff believes that I erred in dismissing those claims, he is free to present his arguments to the Court of Appeals for the Seventh Circuit after the conclusion of the proceedings in this court.

Plaintiff's new breach of contract claim is not easy to follow, but regardless of his theory, he does not state a claim upon which relief may be granted with respect to any defendant except Miscik because plaintiff does not identify a contract that he had with any other defendant. Plaintiff's "bad faith" claim seems to be that various parties did not adequately investigate Miscik's car accident, but even that it is true and even if I assume that

their alleged failures violated the law in some way, plaintiff does not allege that he was injured in the accident, so he does not have standing to bring a claim about a faulty investigation.  Plaintiff's abuse of process claim is simply an argument that defendants' previous motions to dismiss did not have merit, but, obviously, I have rejected that view.

Plaintiff's unjust enrichment claim seems to be an alternative theory to his copyright claim.  Plaintiff alleges that defendants benefitted from the legal documents he drafted, but provided no payment to plaintiff for that benefit.  (Plaintiff says that defendants were "unjustly enriched" in other ways as well, but the legal documents he drafted are the only benefit he says that he conferred, so he would not have standing to bring the other claims.)  Defendants argue that  plaintiff should not be allowed to proceed on an unjust enrichment claim under the doctrine of in pari delicto because the alleged benefit plaintiff conferred involved the unauthorized practice of law.  Dfts.' Br., dkt. #118, at 18 (citing Evans v. Cameron, 121 Wis. 2d 421, 360 N.W.2d 25 (1985)).  Plaintiff does not respond to this argument in any of his briefs, so I conclude that he has forfeited this claim.  Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010).  Accordingly, I am rejecting both the amended complaint and the "corrected amended complaint" because neither includes new claims that are viable.  Plaintiff's original complaint remains the operative pleading and the three claims identified in the first paragraph of this opinion remain the only three claims on which plaintiff is proceeding.

I will resolve a few loose ends before turning to the parties' discovery motions.  First, plaintiff includes references in both his complaints and his briefs to what seems to be an

endless list of other alleged wrongdoings by various defendants, but he does not develop arguments about that alleged conduct or identify any of it as a separate claim, so I have not considered those other allegations.   Second, plaintiff devotes much of his discussion regarding his claims against defendant Berndt to argument about various ways that he believes that Berndt breached a fiduciary duty.   However, as I explained to plaintiff in the order on his motion for reconsideration, dkt. #103, with the exception of plaintiff's claim that Berndt tried hide Miscik's settlement money from plaintiff, none of those allegations arise out the same series of events as plaintiff's copyright claim, so I cannot exercise jurisdiction over those claims under 28 U.S.C. § 1367.   Finally, in their reply brief, defendants make a new argument that plaintiff's breach of contract claim against Miscik should be dismissed.   However, I decline to consider that argument because defendants did not raise it in their opening brief.   Casna v. City of Loves Park, 574 F.3d 420, 427 (7th Cir. 2009).

## C. Discovery Disputes

### 1. Motion to compel filed by defendants Miscik, Riley and Axley Brynelson

It is undisputed that plaintiff failed to comply with discovery requests of these three defendants within 30 days, as required by the Federal Rules of Civil Procedure.   Plaintiff's excuse is that defense counsel listed the wrong clients on the signature page, but he does not suggest that he was confused by the discovery request or that counsel's mistake otherwise prevented him from providing responses.   This is shown by plaintiff's decision to provide the

discovery responses after defendants filed this motion, even though counsel had not served amended discovery requests with the correct clients listed.

Plaintiff's untimely responses moot defendants' motion to compel, but that is not the end of the matter. Accompanying defendants' motion was a request under Fed. R. Civ. P. 37(a)(5) for expenses. Under that provision, a court must award the moving party "reasonable expenses incurred in bringing the motion" unless the moving party filed the motion before making a good faith effort to obtain the discovery without court action, the nondisclosure was substantially justified or there is another circumstance that would make an award of expenses unjust. In this case, it is undisputed that defendants made two requests for the discovery before they brought their motion. Because plaintiff had no legitimate excuse for refusing to provide discovery responses and he identifies no other circumstance that would make an award of expenses unjust, I am granting defendants' request for expenses.

2. <u>Plaintiff's motion to compel discovery from defendants Bruce Berndt and Berndt, CPA</u>

Plaintiff seeks two sets of documents from defendants Berndt and Berndt, CPA: (1) all of their "business liability policies"; and (2) "proof of counsel retainment for Berndt, CPA." Dkt. #127-1. Defendants argue that they are not required to produce these documents for two reasons: (1) they were not parties when the court held a preliminary pretrial conference and they have no obligation to provide discovery until they have a Fed. R. Civ. P. 26(f) conference; and (2) the documents plaintiff seeks are not discoverable

because they are not relevant and are not likely to lead to the discovery of any relevant information.

Defendants' first argument is not persuasive.  Although defendants Berndt and Berndt, CPA were not parties when the preliminary pretrial conference was held, the court expects that *all* parties will comply with preliminary pretrial conference order, including the portions of it relating to discovery, regardless when the parties entered the case.  If a new party has a concern about that order, then that party should seek relief from the court rather than remain silent and then argue months later that the order does not apply to him.   It makes little sense to hold new conferences every time a new party enters the case unless that party needs to modify the preliminary pretrial conference order.  To the extent that it was unclear before, I will make it clear now:  all parties should comply with the preliminary pretrial conference order.  Defendants cite Rule 26(d)(1) for the proposition that a party may not seek discovery before the parties have conferred, but even if that rule applies to new parties, the rule may be modified by court order.

Nevertheless, I am denying plaintiff's motion to compel because plaintiff does not explain how his discovery requests are relevant to his claim or are likely to lead to the discovery of relevant information.  Even in his reply brief, plaintiff acknowledges defendants' argument that the information is irrelevant to this case, but he does not explain why he wants the information.

B. Plaintiff's motion to compel discovery from defendants Miscik, Riley and Axley Brynelson

Plaintiff states generally in his motion that these defendants have not produced all the discovery he requested, but he does not discuss any particular discovery request or explain why he believes he is entitled to such discovery. Even after defendants explained in their opposition brief why they believe they have provided plaintiff all responsive information that is relevant or likely to lead to relevant evidence, plaintiff still did not develop an argument as to why he is entitled to any evidence that defendants have not provided. Plaintiff says only that his requests "are not overly burdensome," but defendants never argued that they were. Rather, their position is that they have given plaintiff everything that the federal rules require them to give. Because plaintiff has not developed an argument refuting defendants' position, I am denying this motion.


ORDER

IT IS ORDERED that

1. The motions to intervene filed by Catherine Conrad and Quincy Neri, dkt. ##104 and 106, are GRANTED.

2. The motions filed by defendants Bruce Berndt, Berndt, CPA, Axley Brynelson LLP, Chris Miscik, Michael Riley and Unity Health Plans Insurance Corporation, American Family Mutual Insurance Company, Kristine Burck, Progressive Casualty Insurance Company, Levine Wetley and Marilyn Wetley to dismiss or strike plaintiff's "amended complaint" and "corrected amended complaint," dkt. ##112, 115, 117, 123, 125 and 135,

are GRANTED.  Plaintiff's original complaint remains the operative pleading.

3.  Plaintiff's motions to compel discovery, dkt. ##126 and 131, are DENIED.

4.  The motion to compel discovery filed by defendants Miscik, Riley and Axley Brynelson, dkt. #128, is DENIED as moot, but their motion for attorney fees, dkt. #128, is GRANTED.  Defendants Miscik, Riley and Axley Brynelson may have until to September 26, 2014, to submit an itemized request for the reasonable expenses they incurred in bringing their motion to compel.  Plaintiff may have until October 3, 2014, to file any objections.

Entered this 18th day of September, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

11