IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY RIGSBY, CATHERINE CONRAD
and QUINCY M. NERI,

                     Plaintiff,

         v.

CHRIS MISCIK, BRUCE BERNDT, BERNDT, CPA,
MICHAEL RILEY and AXLEY BRYNELSON, LLP,

                     Defendants.

OPINION and ORDER

14-cv-23-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Two matters are before the court:  (1) a petition from defendants Axley Brynelson, LLP, Chris Miscik and Michael Riley with respect to the fees they incurred in bringing their August 18, 2014 motion to compel discovery from plaintiff Rodney Rigsby; and (2) defendant Progressive Casualty Insurance Company's motion for entry of partial judgment under Fed. R. Civ. P. 54(b).  For the reasons stated below, I am awarding defendants Axley Brynelson, Miscik and Riley the full amount of fees they requested and I am denying defendant Progressive's motion for entry of partial judgment.

OPINION

A.  Expenses under Rule 37

On August 18, 2014, defendants Axley Brynelson, Miscik and Riley filed a motion

1

under Fed. R. Civ. P. 37 to compel plaintiff Rigsby to provide responses to defendants' discovery requests.  In accordance with Rule 37(a)(5), they sought reimbursement for the expenses related to bringing the motion.  In his opposition brief, Rigsby stated that initially he refused to comply with the requests because defendants made a mistake on the signature page of the requests by listing the wrong clients.  Rigsby said that he asked defendants to send a corrected copy of the request, but they refused.  Nevertheless, after defendants filed their motion to compel, Rigsby provide the requested discovery responses to defendants.

Because plaintiff Rigsby eventually complied with the discovery requests, I denied defendants' motion as moot.  However, because he did not comply until after defendants had expended resources bringing the motion and he did not have a valid excuse for failing to comply sooner, I granted defendants' request for expenses related to bringing the motion and directed them to submit an itemized list.

In response, defendants submitted a request for 7.5 hours of lawyer time at $225 an hour for a total of $1687.50.  Counsel states that he spent 4.8 hours drafting the motion, .4 hours reviewing plaintiff Rigsby's response, 1.8 hours drafting a reply and .5 hours preparing the fee petition.  Defendants' requested amount is reasonable on its face and Rigsby has not raised any objections to the amount.  Instead, he reargues the question whether defendants are entitled to any expenses.  Because I resolved that issue in the previous order and Rigsby identifies no persuasive reason for reconsidering that decision, I am granting defendants' request in full.

B. <u>Motion for Partial Entry of Judgment</u>

Under Fed. R. Civ. P. 54(b), a court may "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  In addition, "a certifiable claim must be separable from the remaining claims in the litigation and the decision entered as to those claims must meet the definition of finality under § 1291—meaning there is nothing left to be decided by the district court as to the certified claims—in order for a Rule 54(b) ruling to be proper." <u>Brown v. Columbia Sussex Corp.</u>, 664 F.3d 182, 186 (7th Cir. 2011).  "The practical test for whether two claims are separate so that an appealable final judgment can be entered on one of them is the degree of factual overlap."  <u>On Command Video Corp. v. Roti</u>, 705 F.3d 267, 270 (7th Cir. 2013).  The goal is to avoid piecemeal appeals requiring "a wasteful duplication" of earlier efforts.  <u>Id.</u>  <u>See also</u>  <u>Harbor Belt Railroad Co. v. American Cyanamid Co.</u>, 860 F.2d 1441, 1444 (7th Cir.1988) (Rule 54(b) should be applied so as "to spare the court of appeals from having to keep relearning the facts of a case on successive appeals.").

In its two-page motion for partial entry of judgment, defendant Progressive relies entirely on the fact that the court granted its motion to be dismissed from the case.  It ignores the fact that plaintiff asserted many of the same claims against all of the defendants. Thus, if I grant Progressive's motion, the court of appeals could be required to consider similar claims multiple times.  Particularly because Progressive identifies no reason why it cannot wait until judgment is entered with respect to all of the defendants, I am not persuaded that Progressive is entitled to a separate judgment now.

3

ORDER

IT IS ORDERED that

1.   Defendants Axley Brynelson, LLP, Chris Miscik and Michael Riley are AWARDED  $1687.50 against plaintiff Rodney Rigsby under Fed. R. Civ. P. 37(a)(5).

2.  Defendant  Progressive Casualty Insurance Company's motion for entry of partial judgment, dkt. #158, is DENIED.

Entered this 23d day of October, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

4