IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RODNEY RIGSBY, CATHERINE CONRAD
and QUINCY M. NERI,

                                         ORDER

                Plaintiff,

                                        14-cv-23-bbc

     v.

CHRIS MISCIK, BRUCE BERNDT, BERNDT, CPA,
MICHAEL RILEY and AXLEY BRYNELSON, LLP,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Two issues are before the court. First, in an order dated March 10, 2015, I found that plaintiffs' claims for violations of the federal copyright law, breach of contract and breach of fiduciary duty were legally frivolous. Dkt. #218. Because plaintiff Catherine Conrad had been warned previously by the Court of Appeals for the Seventh Circuit for filing frivolous cases, Conrad v. AM Community Credit Union, 750 F.3d 634 (7th Cir. 2014), I directed her to show cause why this court should not enjoin her from filing additional lawsuits in this court until she satisfies her federal court debts. Support Systems International Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995). Plaintiff Conrad has not responded to that order, so I am entering the injunction.

      The second issue is the motion filed by defendants Chris Miscik, Michael Riley and Axley Brynelson, LLP for attorney fees under 17 U.S.C. § 505 and Fed. R. Civ. P. 11. Dkt.

1

#220. In support of their motion, defendants note that they have a "presumptive entitlement" to fees related to the copyright claim. Assessment Techs., LLC v. WIREdata, Inc., 361 F.3d 434, 437 (7th Cir. 2004). In addition, they argue that they are entitled to fees on all of the claims under Rule 11 because plaintiffs' claims are frivolous and defendants gave plaintiffs an opportunity to withdraw all of their claims in February 2013, but plaintiffs refused to do that. Fed. R. Civ. P. 11 (b) and (c) (party make seek sanctions for filing frivolous claims if it gives the other party 21 days to withdraw claims). Finally, defendants request a judgment on fees awarded against plaintiff Rigsby in previous orders in this case. They ask for $48,735 in fees against all plaintiffs and an additional $11,025 in fees against Rigsby for sanctions awarded in previous orders.

In response, plaintiffs do not rebut the presumption that defendants are entitled to fees for the copyright claim and they make no showing that any of their claims are not frivolous. Although they continue to argue that defendants violated plaintiffs' copyright and breached their contract, they still point to no evidence to support either of those contentions.

With respect to the reasonableness of defendants' fees, plaintiffs' only argument is that defendants "dragged out this litigation by not settling sooner," but defendants had no obligation to settle claims that had no merit. It is plaintiffs who needlessly delayed the resolution of this case by insisting on pursuing claims that they should have known they could not prove.

Because I agree with defendants that all of plaintiffs' claims are frivolous and that

defendants' fees are reasonable, I am granting their motion in full.

The filing bar against plaintiff Conrad will apply until she shows that she has paid the fees awarded in this case, as well as the fees and costs awarded in Conrad v. Bendwald, No. 11-cv-305-bbc (W.D. Wis. Nov. 2, 2012), and the filing fees that plaintiff Conrad owes for each of the cases that she has filed in this court. Conrad v. Batz, No. 13-cv-475-bbc (W.D. Wis.); Conrad v. AM Community Credit Union, No. 13-cv-461-bbc (W.D. Wis.); Conrad v. Bell, Moore & Richter, S.C., No. 11-cv-539-bbc (W.D. Wis.); Conrad v. Russell, No. 11-cv-570-bbc (W.D. Wis. ); Conrad v. Westport Marine, Inc., No. 09-cv-49-bbc (W.D. Wis.); Conrad v. Madison Festivals, Inc., No. 09-cv-499-bbc (W.D. Wis.); Conrad v. Isthmus Publishing, Inc., No. 09-cv-566-bbc (W.D. Wis.).  If Conrad files a new complaint without showing that she has satisfied her debts, the clerk of court will docket the complaint, but the court will take no action on it and it will be deemed dismissed 30 days after it is filed. Alexander v. United States, 121 F.3d 312, 315 (7th Cir. 1997). If Conrad joins a lawsuit with other plaintiffs, she will be dismissed from the case in the absence of a showing that she has paid her debts.  The filing bar does not apply to a petition for a writ of habeas corpus or a case in which Conrad alleges that she is in imminent danger of serious physical injury.


ORDER

IT IS ORDERED that

1.  The motion for attorney fees filed by Chris Miscik, Michael Riley and Axley Brynelson, LLP, dkt. #220, is GRANTED.  These defendants are AWARDED $48,735 in

fees against plaintiffs Rodney Rigsby, Catherine Conrad and Quincy Neri and an additional $11,025 against plaintiff Rigsby.

    2.  Plaintiff Conrad is ENJOINED from filing additional lawsuits in this court until she pays her debts related to this case and all other cases she filed in this court in the past.

    3.  The clerk of court is directed to enter an amended judgment accordingly.

Entered this 24th day of April, 2015.

                              BY THE COURT:
                              /s/
                              BARBARA B. CRABB
                              District Judge